**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLER HAMMOND and ANTONIA HAMMOND a/k/a ANTONIA CAMERA, | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-2310 |
| v. | (JUDGE CAPUTO) |
| CITY OF WILKES-BARRE, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the report and recommendation of Magistrate Judge Malachy E. Mannion.  (Doc. 13.)  The report recommends that the defendants' motion to dismiss the complaint (Doc. 6) be granted in part and denied in part.   The report recommends dismissing all claims in Count I in the complaint, the plaintiffs' Fourteenth Amendment substantive due process claim with respect to the plaintiffs' personal property in Count II, and the official capacity claims against defendants Leighton and Vinsko. The Court will adopt the report and recommendation to the extent it recommends dismissal and will reject the remainder.  The defendants' motion (Doc. 6) will be granted, and the complaint will be dismissed.

**I. Background**

Tyler and Antonia Hammond are residents of Luzerne County.  They wished to purchase a property that was to be sold at a tax sale by the city of Wilkes-Barre. One day

1

before the sale, the property was removed from the tax sale list. The Hammonds filed a complaint in federal district court against three defendants: the city of Wilkes-Barre; its mayor, Thomas Leighton; and its attorney, William Vinsko. The Hammonds bring constitutional claims under 42 U.S.C. § 1983 as well as pendent state law claims.

First, the Hammonds claim that by removing the property from the tax sale list without giving them prior notice and by giving them false information, the defendants violated their due process rights.  Additionally, the Hammonds allege that the defendants allowed their agent to enter a property and unreasonably seize and destroy the Hammonds' personal property and build a fence that encroaches on the Hammonds' property.   The Hammonds claim that these actions violated their rights under the Fourth and Fourteenth Amendments. Additionally, the defendants bring state law claims of misrepresentation and interference with contracts.  The defendants moved to dismiss the complaint. (Doc. 6.) The motion was referred to Magistrate Judge Malachy E. Mannion. Presently before the Court is the magistrate judge's report and recommendation.

The magistrate judge recommends dismissing all claims in Count I of the complaint, the plaintiffs' Fourteenth Amendment substantive due process claim with respect to the plaintiffs' personal property in Count II, and the official capacity claims against defendants Leighton and Vinsko.

Both parties have filed objections to the report and recommendation, and have had the opportunity to fully brief their objections.   The Court will adopt the report and recommendation to the extent it recommends dismissal and will reject the remainder.  The complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

2

## II. Discussion

### A. Legal Standard for Reviewing a Report and Recommendation

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the court reviews the portions of the report and recommendation which Banks objects to de novo. The remainder of the report and recommendation is reviewed for clear error.

**B. Legal Standard for a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v.*

4

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

## C. Tax Sale

The gist of the Hammonds' due process claim at Count I is that a property the Hammonds were interested in purchasing was removed from the tax sale list one day before the scheduled sale, and the Hammonds were not provided with any notice or opportunity to be heard.  In their objections to the magistrate judge's recommendation to dismiss, the Hammonds claim that they also intended to bring a substantive due process claim. However, the plaintiffs fail to state either a procedural or substantive due process claim upon which relief can be granted.

### 1. Procedural Due Process

Under the Fourteenth Amendment, no state shall "deprive any person of . . . property, without due process of law."  Procedural due process is implicated only where there is a "property" interest within the meaning of the Fourteenth Amendment. *Newman v. Beard*, 617 F.3d 775, 782 (citing *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000)).

"[P]roperty interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571–72 (1972). Property interests also extend to entitlements granted by the state,

*see id.* at 577, and courts have found property interests in a variety of entitlements, *see Goldberg v. Kelly*, 397 U.S. 254 (1970) (welfare); *Slochower v. Bd. of Educ.*, 350 U.S. 551 (1956) (tenure).

However, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Whether a person has a legitimate claim of entitlement in a benefit depends on state law. *Id.* For example, where a state law defines welfare eligibility and gives all who meet the criteria the right to receive welfare benefits, the right to welfare is an entitlement implicating procedural due process. *See id.* (citing *Goldberg*, 397 U.S. 254).

Here, state law grants no entitlement to the Hammonds to bid on and purchase property that has been listed for a tax sale. In fact, property to be sold pursuant to the Real Estate Tax Sale Law, 72 P.S. § 5860.101 et seq., may be redeemed by the owner at any time before the sale. *Id.* at § 5860.308.

The Hammonds had a mere unilateral expectation of being able to bid on and purchase the listed property; they had no legitimate claim of entitlement to do so under state law. Because they had no "property interest" within the meaning of the Fourteenth Amendment in such a transaction, procedural due process is not implicated. Thus, their procedural due process claim necessarily fails. Because amendment would be futile, leave to amend this claim will not be granted.

### 2. Substantive Due Process

The Hammonds also claim that by being provided false information about the property

6

in connection with the Right-to-Know Law, their substantive due process rights were violated. The complaint alleges that the defendants provided a written letter to Ms. Hammond advising her that there were no plans for one of the properties that the Hammonds wanted to purchase. The complaint fails to explain how receiving allegedly false information harmed the Hammonds, or that such information violated the Right-to-Know law. Instead, the plaintiffs in their briefing claim that the false information allowed the defendants "to orchestrate the purchase of [this] property [ ] to their buddy." (Doc. 15 at 3.)

To support their substantive due process argument, the Hammonds cite to the Third Circuit's decision in *Bello v. Walker*, 840 F.2d 1124 (3d Cir. 1987). *Bello* held that when municipal officers act with an improper motive to interfere with a government process they may be liable for a substantive due process violation. *Id.*

*Bello*, however, was explicitly overruled in *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003). In *United Artists*, the Third Circuit applied Supreme Court precedent to the land use context and held that *Bello's* "improper motive" test must be replaced by the "shocks the conscience" standard enunciated in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). *United Artists*, 316 F.3d at 401 ("[I]n light of *Lewis*, *Bello* and its progeny are no longer good law.").

In doing so, the Third Circuit noted that "land-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." *Id.* at 402.

This standard encompasses "only the most egregious official conduct." *Id.* at 400. "This standard's stringency reflects maintenance of the proper proportions of constitutional, as

7

opposed to ordinary tort, violations." *Blain v. Twp. of Radnor*, 167 F. App'x 330 (3d Cir. 2006) (citing *Lewis*, 523 U.S. at 847 n.8).  Here, the plaintiffs allege that the defendants exercised their discretion to remove a property from the tax sale list so that an insider might buy it. While this suggests an improper motive involving a clear conflict of interest, there is no requirement that the property must be sold at tax sale, and this conduct does not rise to a level that could be termed "conscience-shocking." *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (noting that applying requirements solely to appellant's property, making unnecessary inspections, delaying permits, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" the appellants did *not* rise to the level of conscience shocking).

Moreover, as a threshold matter, before bringing a substantive due process claim a plaintiff must establish that "he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139–40 (3d Cir. 2000) (citing *Woodwind Estates Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000)). Additionally, "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Id.* at 140.  Instead, only property interests that are "fundamental" under the United States Constitution are protected by substantive due process. *Id.*

Here, Pennsylvania's Right-to-Know law, 65 P.S. § 67.101 et seq., does not give the Hammonds a property interest worthy of substantive due process protection. In arguing to the contrary, the Hammonds cite to a case from the D.C. Circuit that referred to a claimant's "right" to government information under the Freedom of Information Act. (Doc. 15 at 5) (citing

*Sinito v. United States DOJ*, 176 F.3d 512, 515 (D.C. Cir. 1999)). This case is inapt because it dealt with a cause of action established by FOIA: it did not hold that the claimant had a *property right* to government information within the meaning of the due process clause. *See Sinito*, 176 F.3d 512.  The plaintiffs erroneously conflate statutory "rights" with property "interests." However, case law has established that "state-created" rights do "not enjoy substantive due process protection." *See Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 n.4 (11th Cir. 2009) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994)).  Thus, substantive due process is not implicated by government entitlements. Therefore, the Hammonds have failed to establish that any interest they may have in receiving government records under Pennsylvania's Right-to-Know law is so "fundamental" as to implicate Fourteenth Amendment substantive due process.

Because the Hammonds have failed to establish any substantive due process right in government records, their substantive due process claim necessarily fails and amendment would be futile.

**D. Alleged Seizure of Personal and Real Property**

At Count II of the complaint, the Hammonds allege that the defendants "allowed their agent to enter a property not owned by the City and unreasonably seize and destroy personal property of the Hammonds." Also, the "[d]efendants' agent began erecting a fence that encroached on" the Hammonds' property.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Revell v. Port Authority of NY,*

*NJ*, 598 F.3d 128, 134 (3d Cir. 2010) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

While "state employment is generally sufficient to render the defendant a state actor," *West v. Atkins*, 487 U.S. 42, 49 (1988), "state-hired private contractors are not automatically state actors under § 1983, even if the state is their only patron," *Leshko v. Servis*, 423 F.3d 337, 342 (3d Cir. 2005).

In some circumstances, even private parties may be regarded as state actors for § 1983 purposes. In determining whether state action exists, courts focus on whether the actor's conduct is fairly attributable to the government. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937–42 (1982).  This inquiry has two parts: courts consider "first whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority, and second, whether the private party charged with the deprivation could be described in all fairness as a state actor." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991) (applying *Lugar*) (internal citations omitted).

Here, the complaint fails to allege state action. The "agent" of the defendants is not alleged to be a government employee, nor is the nexus between the agent and the government explained. Thus, the plaintiffs' constitutional claims fail.

These claims additionally fail because the "agent" who allegedly violated the Hammonds' rights is not a named defendant. There is no *respondeat superior* liability under § 1983. *See Iqbal*, 129 S. Ct. at 1948 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). While it is possible that the defendants could be liable for instructing, in their capacity as government officials, another to seize the Hammonds' property, the Hammonds fail to allege

that the defendants did anything other than "allow" the agent to destroy the Hammonds' property and build the offending fence.  This is not sufficient to impose liability on the defendants.  *See A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr.*,372 F.3d 572, 586 (3d Cir. 2004) ("[A] supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.").

Moreover, municipalities are not liable on a theory of vicarious liability, and instead may only be held liable where the constitutional violation results from an official custom or policy. *See Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). The Hammonds do not allege that the municipality adopted any official custom or policy that would allow liability to attach.

Finally, even assuming state action and that the defendants, acting in their government roles, were responsible for the actions of their "agent," the Court agrees with the magistrate judge that there can be no substantive due process claim for the destruction of personal property. Although "ownership is a property interest worthy of substantive due process protection," *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 600 (3d Cir. 1995), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003), the Third Circuit has "so far limited non-legislative substantive due process review to cases involving *real property* ownership," *Nicholas*, 227 F.3d at 141 (emphasis added). Thus, the magistrate judge properly held that a substantive due process analysis does not apply to the plaintiffs' personal property.

The Court disagrees, however, with the magistrate judge's conclusion that the plaintiffs

stated a substantive due process claim with respect to their real property.  The Hammonds'

bare allegations that a fence was erected that "encroached" on their property fail to state a

claim for a substantive due process violation. Although real property is a fundamental right

protected by substantive due process, the executive action still must "shock the conscience."

Simply alleging that a fence in some way "encroached" on the plaintiffs' property does not

suffice to shock the conscience. More context is needed before such conduct could plausibly

give rise to an inference of liability.  For example, if the fence were installed in such a manner

that it bisected the Hammonds' home, it could be possible the conduct was so egregious as

to give rise to a substantive due process violation.  By contrast, an encroachment of several

inches onto the Hammonds' lawn would be inadequate to shock the conscience. Because the

complaint does not give any facts about the nature or quality of the encroachment, it fails to

push the claim from one that *possibly* shows that the plaintiffs are entitled to relief, to one that

*plausibly* shows the plaintiffs are entitled to relief. Under Federal Rule of Civil Procedure 8(a)

"the plaintiff [must] plead factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949

(2009) (citing *Twombly*, 550 U.S. at 556).  Here, the plaintiffs have alleged facts that merely

allow the court to infer "the mere possibility of misconduct," which "do[es] not suffice" to *show*

"that the pleader is entitled to relief." *Id.* at 1949–50.

## E. Remaining Claims

Because the federal claims have been dismissed, the court declines to exercise

supplemental jurisdiction over the remaining state law claims at Count III in accordance with

28 U.S.C. § 1367.

**F. Amendment**

In civil rights cases brought under 42 U.S.C. § 1983 that are subject to dismissal for failure to state a claim upon which relief may be granted, a court must affirmatively offer the plaintiff leave to amend unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "Futility" means "that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). For the reasons explained above, amending Count I of the complaint would be futile.

It may be that Count II could be amended so that it states a claim. As it stands, this Count fails  to properly allege facts "showing" that the plaintiffs are entitled to relief under the heightened pleading standards enunciated by *Twombly* and *Iqbal*.  No facts are alleged that show that the named defendants are responsible for a constitutional violation and that state action, as opposed to private action, is present. Moreover, the facts alleged in the complaint do not give plausible rise to an inference that the erection of the fence interfered with a fundamental property right in a manner that could shock a judicial conscience.  Such an inference is necessary to allow the substantive due process claim to survive dismissal.  As it stands, the allegations at Count II are insufficient, but It is possible that the plaintiffs could properly state a claim if given the opportunity.

However, a court need not grant affirmative leave to amend where such leave is not requested. *See Snyder v. Baxter Healthcare, Inc.*, 393 F. App'x 905 (3d Cir. 2010) (citing *Frederico v. Home Depot*, 507 F.3d 188, 192–93 (3d Cir. 2007) (holding that a plaintiff elected

13

to stand on her complaint by failing to seek leave to amend before or after dismissal, and by maintaining throughout the pendency of litigation that her complaint's allegations were sufficient)).

Here, the plaintiffs have not requested such leave or submitted a draft amended complaint so that the Court can assess whether amendment would be futile. *See Fletcher-Harlee*, 482 F.3d at 252 ("Standing in tension with the long-standing amendment rule is our longer-standing rule that, to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile. Indeed, we have held that a failure to submit a draft amended complaint is fatal to a request for leave to amend."). Indeed, the plaintiffs have not requested leave to amend in either their briefing responding to the defendants' motion to dismiss, their response to the defendants' objections to the magistrate judge's report, or their briefing in support of their objections.

By having maintained that the complaint's allegations are sufficient throughout the pendency of this litigation, the Hammonds have indicated their intention to stand on their complaint.  Therefore, unrequested leave to amend will not be given. *See id.* at 253 ("[I]t is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint."). If the plaintiffs' intentions are otherwise, they are free to petition the Court to reopen the case and amend their complaint in compliance with Federal Rule of Civil Procedure 15 and Local Rule 15.1, including submitting (1) a proposed amended complaint and (2) a copy showing the additions and redactions made to the original complaint.

14

### III. Conclusion

For the reasons explained above, the report and recommendation will be rejected in part and adopted in part. To the extent that it recommends denying the defendants' motion to dismiss, it will be rejected. To the extent that it recommends granting the motion to dismiss on the federal claims, it will be adopted.  The defendants' motion to dismiss (Doc. 6) will be granted in full.

An appropriate order follows.


March 30, 2011                               /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLER HAMMOND and ANTONIA HAMMOND a/k/a ANTONIA CAMERA, | NO. 3:09-CV-2310 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| CITY OF WILKES-BARRE, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 30th day of March, 2011, **IT IS HEREBY ORDERED** that the report and recommendation (Doc. 13) is **REJECTED IN PART** and **ADOPTED IN PART** as follows:

(1) To the extent that it recommends denying the defendants' motion to dismiss (Doc. 6), it is **REJECTED**.

(2) To the extent that it recommends granting the defendants' motion to dismiss (Doc. 6), it is **ADOPTED**.

The defendants motion to dismiss (Doc. 6) is **GRANTED**.  The complaint is **DISMISSED** entirely.  The clerk of court is directed to mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge