UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYLER HAMMOND                              NO. 3:09-CV-2310
ANTONIA HAMMOND

v.                                         JUDGE CAPUTO

CITY OF WILKES-BARRE,                      MAGISTRATE JUDGE METHVIN
MAYOR TOM LEIGHTON,
WILLIAM E. VINSKO, JR.,
LEO A. GLODZIK, III

REPORT AND RECOMMENDATION
ON MOTIONS TO DISMISS
(Docs. 39, 56)

Tyler Hammond and his wife, Antonia Hammond,[1] filed this civil rights

action on November 24, 2009 (Doc. 1) and thereafter filed an amended complaint

on August 15, 2011 (Doc. 38). The amended complaint, brought under 42 U.S.C.

§1983, alleges violations of plaintiffs' constitutional rights under the Fourth, Fifth

and Fourteenth Amendments. The amended complaint also alleges a state law

claim for misrepresentation and interference with contracts. This court has

jurisdiction pursuant to 28 U.S.C. §§1331 and 1367. Named as defendants are the

City of Wilkes-Barre, Pennsylvania; Wilkes-Barre Mayor Tom Leighton; William

E. Visko, Jr., an assistant city attorney for Wilkes-Barre; and Leo A. Glodzik, III,

alleged to be an agent, servant or employee of Wilkes-Barre.

---

[1] Antonia Hammond is also know as Antonia Camera.

2

On August 15, 2011, the court issued an Order granting the motion for leave to file an amended complaint, but denied amendment in the following respects:

Count I        To the extent Count I (due process/ right-to-know violations) brings a due process claim based on a citizen's property interest in acquiring private property at a tax sale, amendment is not permitted because there is no property interest in acquiring such property.[2]

Count II       To the extent that Count II (due process/unlawful search and seizure) brings a substantive due process claim based on the destruction of personal property, amendment is futile and therefore will not be permitted.

(Doc. 37). Plaintiffs were allowed to file the amended complaint, and therefore the following claims are still pending (Doc. 38):

Count II:      Due Process based upon unlawful search and seizure

Count III:     Misrepresentation and interference with contracts

Specifically, Count II asserts claims for seizing and destroying plaintiffs' personal property, which was located on the Old River Road Bakery property, and for erecting a fence on the Old River Road Bakery property, which encroached on plaintiffs' real property. Plaintiffs contend that Count II brings a due process claim under the Fourteenth Amendment, including both a substantive due process claim

---

[2] Defendants challenge plaintiffs' ability to assert Count I as the court had previously dismissed it and denied amendment thereon. The Hammonds concede this point, arguing that dismissal is moot (*See* Doc. 46, p. 3).

as to real property, as well as a procedural due process claim as to both real property and personal property. Count II additionally includes a Fourth Amendment claim for unlawful search and seizure.

Before the court are defendants' motions to dismiss.[3,4] The motions have been referred to the undersigned for a report and recommendation and is now ripe for disposition.[5]

## FINDINGS AND RECOMMENDATIONS

### I. Background

For purposes of the motions to dismiss, plaintiffs' factual averments will be accepted as true. Plaintiffs make the following allegations in their amended complaint:

Plaintiffs were interested in purchasing a property known as Old River Road Bakery which was adjacent to property they owned. In August 2009, plaintiffs

---

[3] Defendants Wilkes-Barre, Leighton and Vinsko ("City Defendants") filed a motion to dismiss on August 31, 2011 (Doc. 39) along with a supporting brief (Doc. 40). Plaintiffs filed a brief in opposition to the motion on September, 2011 (Doc. 46), to which defendants filed a reply brief on October 14, 2011 (Doc. 48).

[4] Defendant Glodzik filed a motion to dismiss and supporting brief on December 1, 2011. (Docs. 56, 57). Plaintiffs filed a brief in opposition to that motion on December 9, 2011 (Doc. 58), to which Defendant Glodzik filed a reply brief on December 23, 2011. (Doc. 60).

[5] On December 23, 2011, Judge Caputo referred the pending motions to dismiss to undersigned. (Doc. 59).

4

requested information on the Old River Road Bakery property from the City. (Doc. 38, ¶ 15). On August 14, 2009, the City provided a written letter to plaintiffs indicating that it had no plans for that property. (*Id*. at ¶ 16). The property was listed for Tax Sale in August, 2009, with a sale date of September 16, 2009. (*Id*. at ¶ 17). Thereafter, on September 15, 2009, one day before the Tax Sale, the City removed the Old River Road Bakery property from the list of properties to be sold. (*Id*. at ¶ 18). Defendants were aware that the City did not own the property. (*Id*.).

The amended complaint further alleges that the City allowed Glodzik to erect a fence on the Old River Road Bakery property, which encroached on plaintiffs' property. (*Id*. at ¶ 21). In doing so, personal property of plaintiffs, including trees, a garden and personal items, was seized and destroyed. (*Id*.). Plaintiffs maintain that they were not provided prior notice or an opportunity to object. (*Id*. at ¶ 22). On September 1, 2009, plaintiffs called 911 and City Hall over the matter. (*Id*. at ¶ 23). Defendant Vinsko came to the property but did not instruct Glodzik to desist; instead, he allowed and/or directed Glodzik to erect the fence the following day. (*Id*.).

Plaintiffs allege that the individual defendants purchased properties from the City through Tax Sales. (*Id*. at ¶ 7). They further allege that the individual defendants, acting under the color of state law, engaged in official policy, custom

or decisions to deprive plaintiffs of their due process rights. (*Id*.). Plaintiffs also maintain that Defendants Leighton and Vinsko's actions "could be considered insider trading in connection [with] city properties as well as ethics violations." (*Id*.).

The present action followed. Plaintiffs seek, *inter alia.*, injunctive relief, compensatory and punitive damages and attorneys fees.

## II. Issues Presented

Defendants assert the following grounds for dismissal:

A.    The claim for due process and unlawful search and seizure with respect to real property is properly brought under the Fourth Amendment, not the Fourteenth Amendment.

B.    Plaintiffs fail to state a claim for unlawful search and seizure under the Fourth Amendment.

C.    Plaintiffs have failed to state a due process claim under the Fifth Amendment.

D.    Claims against the individual defendants in their officials capacities should be dismissed as they are redundant of claims asserted against the City.

E.    The court should decline to exercise supplemental jurisdiction over plaintiffs' state law claim (Count III).

6

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal

of claims that fail to assert a basis upon which relief can be granted. When

considering a motion to dismiss, the court must "accept all [of plaintiff's] factual

allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d

224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374

n.7 (3d Cir. 2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct.

1309, 1322–23 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

question is not whether the plaintiff will ultimately prevail, but whether the

"complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*,

131 S. Ct. 1289, 1296 (2011)(citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,

514 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the

claim showing that the pleader is entitled to relief," a plaintiff must do more than

present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. *See also Phillips,* 515 F.3d at 232.

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is

8

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (*citing Twombly*, 550 U.S. at 557–58).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

## IV. Discussion

> (A)   Is plaintiffs' due process claim (Count II)  properly brought under the Fourth Amendment rather than the Fourteenth Amendment?

Defendants argue that plaintiffs' due process claim is properly brought under the Fourth Amendment, not the Fourteenth Amendment. "The Fourth Amendment, as incorporated into the Fourteenth Amendment, applies to the conduct of state officials." *Karnes v. Skrutski*, 62 F.3d 485, 488 n. 1 (3d Cir.1995),

9

*abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir.2007). In

*Albright v. Oliver*, 510 U.S. 266, 272, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994), the

Supreme Court held that "[w]here a particular amendment provides an explicit

textual source of constitutional protection against a particular sort of government

behavior, that Amendment, not the more generalized notion of substantive due

process, must be the guide for analyzing these claims."

Previously, this court has held in a §1983 search and seizure case that the

Fourth Amendment "provides an explicit textual source of constitutional

protection to Plaintiff, so any reliance on the substantive component of the Due

Process Clause is misplaced." *O'Malley v. Lukowich*, No. 3:08-cv-0680, 2008 WL

4861477, at *6 (M.D. Pa. Nov. 7, 2008) (Caputo, J.). The court found that the

same principles applied to the plaintiff's Fourteenth Amendment procedural due

process claims, as the "claims based on principles of search and seizure are

properly brought under the Fourth Amendment, not the Fourteenth Amendment."

*Id*. at *7. "'Claims of unreasonable search and seizure are ... governed by the

explicit constitutional text in the Fourth Amendment and may not therefore, [be]

brought as claims for violation of the right to substantive due process.'"

*McDonald v. Darby Borough*, Civ. A. No. 07–4588, 2008 WL 4461912, at *6

(E.D. Pa. Oct. 3, 2008) (citing *Piskanin v. Hammer*, Civ. A. No. 04–1321, 2005

10

WL 3071760 (E.D. Pa. Nov. 14, 2005)). The Third Circuit has held "that *Albright* commands that claims governed by explicit constitutional text may not be grounded in substantive due process." *Torres v. McLaughlin*, 163 F.3d 169, 172 (3d Cir.1998).

In the present matter, plaintiffs contend that there is no rule that precludes them from proceeding only under one Amendment and not both. As noted above, however, the applicable jurisprudence directs that claims be brought under explicit constitutional provisions where such are available. Additionally, the case cited by plaintiffs in support of their position, *Gibson v. Superintendent of NJ Dept. of Law and Public Safety-Division*, 411 F.3d 427 (3d Cir. 2005), does not aid their position. The *Gibson* decision not only addressed search and seizure claims under the equal protection clause of the Fourteenth Amendment, not the due process clause referenced here, but also upheld dismissal of due process claims brought under the Fourteenth Amendment. *Id*.

Inasmuch as the Fourth Amendment provides an explicit textual source of constitutional protection, it, and not the more generalized notion of substantive due process under the Fourteenth Amendment, must be the guide for analyzing the present claims. Accordingly, it is recommended that the claims asserted under the Fourteenth Amendment be dismissed.

11

(B)    *Does the amended complaint state a claim under the Fourth Amendment?*

1. *Real Property*

In order to support a substantive due process claim, the government's conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Kaucher v. County of Bucks*, 455 F.3d 418, 425 (3d Cir.2006).

This court has previously ruled that the allegations of plaintiffs' original complaint were insufficient to state a substantive due process claim with respect to their real property:

> Although real property is a fundamental right protected by substantive due process, the executive action still must "shock the conscience." Simply alleging that a fence in some way "encroached" on the plaintiffs' property does not suffice to shock the conscience. More context is needed before such conduct could plausibly give rise to an inference of liability. * * * Because the complaint does not give any facts about the nature or quality of the encroachment, it fails to push the claim from one that possibly shows that the plaintiffs are entitled to relief, to one that plausibly shows the plaintiffs are entitled to relief.

(Memorandum, Doc. 24, p. 12).

The factual allegations of the amended complaint are substantially identical to those in the original complaint. Thus, the allegations of the amended complaint, like the original complaint, fail to state a plausible claim that the executive action

12

was so egregious as to deprive plaintiffs of substantive due process. *See Iqbal*, *supra* at 1949–50 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief.")

Accordingly, it is recommended that plaintiffs' substantive due process claims as to real property be dismissed.

### 2. Personal Property

Defendants also argue that plaintiffs cannot state a procedural due process claim as to the seizure and/or destruction of their personal property located on the Old River Road Bakery property inasmuch as there is no averment that the alleged acts of the defendants caused "meaningful interference" with plaintiffs' constitutional rights.

The Fourth Amendment provides, in pertinent part, that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...." *Soldal v. Cook County, Ill.*, 506 U.S. 56, 61, 113 S. Ct. 538, 121 L. Ed.2d 450 (1992) (citing *Ker v. California*, 374 U.S. 23, 30, 83 S. Ct. 1623, 10 L. Ed.2d 726 (1963)). Importantly, the Fourth Amendment protects both property interests and privacy interests. *Id*.

13

A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Id.* (citing *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed.2d 85 (1984)). Destroying property meaningfully interferes with an individual's possessory interest in that property. *See United States v. Jacobsen*, 466 U.S. 109, 1124–25, 104 S. Ct. 1652, 80 L. Ed.2d 85 (1984).

However, before a seizure rises to a constitutional violation, it must be determined whether the interference was unreasonable. "The Fourth Amendment is not, of course, a guarantee against all searches and seizures, but only against unreasonable searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985). For purposes of a motion to dismiss, plaintiffs have alleged that the seizure of their personal property was unreasonable inasmuch as they have averred a possessory interest in the items, such as trees and flowers, even if they are unable to articulate a privacy interest in the location of these items.

To establish a prima facie case of a procedural due process violation, a plaintiff must establish: (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process. *See Rusnak v. Williams*, 44 F. App'x. 555, 558 (3d Cir.2002). A procedural due process analysis involves a two step inquiry: a court determines whether the

plaintiff "was deprived of a protected interest, and, if so, what process was his due." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *see also Holman v. Hilton*, 712 F.2d 854, 858 (3d Cir.1983).

As noted above, for purposes of a motion to dismiss, plaintiffs have stated a constitutionally protected interest of which they were deprived by state actors. Defendants maintain, however, that plaintiffs have not alleged, nor are they able to claim, that the process available to them is constitutionally inadequate.

Property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying minimum procedural due process requirements is available under state law. *See Parratt v. Taylor*, 451 U.S. 527 (1981) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Hudson v. Palmer*, 468 U.S. 517 (1984).

Thus, whether the destruction of plaintiffs' personal property states a constitutional violation depends upon the availability of state law to provide an adequate post-deprivation remedy. Defendants have asserted that plaintiffs have available to them state judicial review, *to wit.*, 73 Pa. C.S.A. §§ 752 and 754(b), of which they have not availed themselves. Plaintiffs have not refuted this claim. Given that state law provides an avenue of relief under such circumstances,

15

plaintiffs are unable to state a procedural due process claim under §1983. *See*

*Hudson supra* at 533(An deprivation of property by a state employee does not

violate procedural due process if a meaningful post-deprivation remedy is

available.)*; Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000) ("In order to state a

claim for failure to provide due process, a plaintiff must have taken advantage of

the processes that are available to him or her[.]").

Consequently, it is recommended that the motions to dismiss be granted on

Count II as it relates to procedural due process claims as to plaintiffs' personal

property.

*(C)    Fifth Amendment due process claim*

Defendant also maintain that plaintiffs are unable to state a claim under the

Fifth Amendment because there have not alleged any action by a federal actor. The

Fifth Amendment's due process clause only protects against federal government

actors, not state government actors. *See Riley v. Camp*, 130 F.3d 958, 972 n. 19

(11th Cir.1997) ("The Fifth Amendment obviously does not apply here-the acts

complained of were committed by state rather than federal officials."); *Wrinkles v.*

*Davis*, 311 F. Supp.2d 735, 738 (N.D. Ind.2004) ("The Fifth Amendment's due

process clause applies only to acts of the federal government and does not limit

actions of state officials.*). See also Mutschler v. SCI Albion CHCA Health Care*,

445 F. App'x. 617, 621 (3d Cir. Sept. 27, 2011) (plaintiff failed to state a Fifth

Amendment claim where defendants are state, not federal, actors); *Brown v. Philip*

*Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (a cognizable Fifth Amendment

claim requires defendants to be federal actors).

Plaintiffs have not refuted this position. Accordingly, because the amended

complaint does not allege that any of the defendants are federal actors or that they

were acting under the color of federal law, it is recommended that the Fifth

Amendment claims be dismissed.

(D)   *Should the claims against the individual defendants in their official*
      *capacities be dismissed as redundant of claims asserted against the*
      *City*?

Defendants next contend that the claims asserted against the individual

defendants in their official capacities should be dismissed as redundant of the

claims plaintiffs have brought against the City.

Suits against a municipal employee in his official capacity is in reality a suit

against a government entity that the employee represents. *Kentucky v. Graham*,

473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985). Courts within the

Third Circuit have ruled that claims against an official in his or her official

capacity are redundant with the claims against a municipality that employs the

official, and should therefore be dismissed. *Snell v. City of York,* No. 4:06-CV-

17

2133, 2007 WL 1412061 (M.D. Pa. May 10, 2007); *Crane v. Cumberland County,*

*PA*, Civ. A. No. 1:CV-99-1798, 2000 WL 34567277, *3 (M.D. Pa. June 16, 2000),

*aff'd* 64 F. App'x. 838 (3d Cir.2003). *See, e.g.*, *Cuvo v. De Biasi*, 169 F. App'x.

688, 693 (3d Cir.2006) (affirming dismissal of plaintiff's claims against officers

because plaintiff named the municipality as a defendant and, thus, "the suit against

the officers in their official capacities is redundant"); *Munson v. City of*

*Philadelphia*, Civ. A. No. 08-5321, 2009 WL 2152280, at *4 (E.D. Pa. Jul. 15,

2009) (finding that "all claims brought against [the city officials] are properly

treated as an action against the City, and thus, all claims against the [the city

officials] in their official capacities fail as a matter of law"); *Lopez v. Maczko*, Civ.

A. No. 07-1282, 2007 WL 2461709, ** 27–29 (E.D. Pa. Aug. 16, 2007)

(dismissing Section 1983 claim seeking injunctive relief against city official

because city was already named as defendant in suit).

Accordingly, it is recommended that the § 1983 official capacity claims

against the individual defendants, Leighton, Vinsko and Glodzik, be dismissed

with prejudice.

    *(E)    Supplemental jurisdiction over the state law claim (Count III)*

In addition to their federal claims, plaintiffs have brought a state claim

against the defendants. It must be determined, therefore, whether the state law

claim should be entertained under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367.

Supplemental jurisdiction is designed to permit the parties to resolve, in one judicial proceeding, all claims arising out of a common nucleus of operative fact, without regard to their federal or state character. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed.2d 218 (1966). The purpose of supplemental jurisdiction is to promote convenience and efficient judicial administration. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 580 (6th Cir. 2009) (purpose of supplemental jurisdiction is "to facilitate the resolution of claims that are so closely related to claims for which federal jurisdiction originally lies that the supplemental claims are part of the same case or controversy as the claim independently invoking federal jurisdiction.").

Where the district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Whether the court will exercise supplemental jurisdiction is within its discretion. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40, 129 S. Ct. 1862, 1866, 173 L. Ed.2d 843 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The primary justification for

exercising supplemental jurisdiction, however, is absent if the substantive federal claim is no longer viable.

There is no bright line rule for determining whether a supplemental state law claim should be dismissed when the federal law claims have been eliminated before trial. The Supreme Court has made clear, however, that the balance of factors, i.e., judicial economy, convenience, fairness, and comity, "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed.2d 720 (1988).

Where the district court declines to exercise supplemental jurisdiction, the proper course is for the court to dismiss the state law claims without prejudice. *See Englert v. City of McKeesport*, 872 F.2d 1144, 1152-53 (3d Cir.1989) (referring to "pendent" state law claims); *Lovell Mfg. v. Export-Import Bank*, 843 F.2d 725, 734-35 (3d Cir.1988) (referring to "pendent" jurisdiction).

In the present matter, it is concluded that the balance of factors points toward declining to exercise jurisdiction over plaintiffs' supplemental state law claim. Therefore, it is recommended that Count III be dismissed without prejudice to plaintiffs' rights to pursue such actions in state court.

20

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that defendants'

motions to dismiss (Docs. 39, 56) be granted. Specifically, it is recommended that

Count II be dismissed with prejudice and that Count III be dismissed without

prejudice.

Signed on May 14, 2012.

MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE