# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER HAMMOND and ANTONIA HAMMOND, | CIVIL ACTION NO. 3:09-cv-2310 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| CITY OF WILKES-BARRE, et al., | (MAGISTRATE JUDGE METHVIN) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Mildred E. Methvin (Doc. 61), recommending that the Defendants' motions to dismiss (Docs. 39 & 56) be granted.  For the reasons below, the Report and Recommendation will be adopted in part and rejected in part.

## BACKGROUND

This action was originally filed on November 24, 2009 and was dismissed and closed in a March 30, 2011 Memorandum and Order.  *Hammond v. City of Wilkes-Barre*, 3:09-CV-2310, 2011 WL 1257844 (M.D. Pa. Mar. 30, 2011).  Thereafter, on August 15, 2011, a motion to reopen was granted and an amended complaint was filed.  (Doc. 38.)

In the Amended Complaint, the plaintiffs allege the following.  Plaintiffs Tyler and Antonia Hammond are husband and wife.  In August of 2009, the Hammonds sought information on a property they were interested in purchasing, known as the "Old River Road Bakery."  The Defendant City of Wilkes-Barre responded that "there were no plans for one of the properties that the Hammond's [sic] were interested in purchasing."  (*Id.* at ¶ 16.)

While these properties were scheduled for a tax sale on September 16, 2009, the "Defendants, with full knowledge that the City did not owe [sic] the property in question, had property Old River Road Bakery . . . removed from the Luzerne County Take Sale List." (*Id.* at ¶ 18.)

Further, on approximately September 1, 2009, Defendant Leo Glodzik, III, an agent of the Defendant City of Wilkes-Barre, "came on the property that the City did not own and destroyed Plaintiffs' personal property as well as built a fence, that encroaches on Plaintiffs' property." (*Id.* at ¶ 1.) This action was "directed and/or allowed" by the other Defendants: the City of Wilkes-Barre, Mayor Thomas M. Leighton, and City Assistant Attorney William E. Vinsko, Jr. (*Id.* at ¶¶ 21-23.) In the process, Hammond suffered damages to his "trees, garden, and personal items." (*Id.* at ¶ 21.)

In response to these events, the Plaintiffs have brought claims in their Amended Complaint under 42 U.S.C. § 1983 for violations of their rights under the Fourth, Fifth, and Fourteenth Amendments, as well as state-law claims for misrepresentation and interference with contract. In a May 14, 2012 Report and Recommendation, Magistrate Judge Mildred E. Methvin recommended that the motions to dismiss be granted and that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims. The Plaintiffs timely objected. These objections will now be evaluated below.

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).  As such, the Court reviews the portions of the Report and Recommendation to which the Petitioner objects *de novo*.  The remainder of the Report and Recommendation is reviewed for clear error.

**II. Analysis**

    **A.**     **Count I: Pennsylvania's Right-to-Know Law**

The Plaintiffs concede that Count I for violation of due process through a violation of Pennsylvania's Right-to-Know law has been previously dismissed in its entirety and is no longer at issue in this action. (*See* Doc. 46 at 3; Doc. 24 at 13.)  Thus, it will again be dismissed.

    **B.**     **Count II: Violation of Due Process and Unlawful Seizure**

Count II alleges a violation of due process rights in an unlawful seizure of personal

3

and real property. In analyzing Count II, Magistrate Judge Methvin concluded that the Fourth Amendment provided an explicit textual source of constitutional protection, and therefore recommended dismissing Plaintiffs' Fourteenth Amendment claims. (Report and Recommendation at 10, Doc. 61.) In particular, the Plaintiffs contend that the Magistrate Judge "erred when she combined the Fourth and Fourteenth Amendment analys[es] despite finding that an unreasonable seizure had been alleged." (Obj. at 5-6, Doc. 63.)

### 1.     Fourteenth Amendment Due Process Claims

In my March 30, 2011 Memorandum, I concluded that–as to personal property–the Plaintiffs could bring no substantive due process claim. *Hammond v. City of Wilkes-Barre*, 3:09-CV-2310, 2011 WL 1257844, at *6 (M.D. Pa. Mar. 30, 2011). Further, I determined that while a substantive due process claim was possible for the destruction of real property, that "[s]imply alleging that a fence in some way 'encroached' on the plaintiffs' property" was insufficient to satisfy the "shock the conscience" standard.[1]  *Id.*

As noted, in the instant Report and Recommendation, Magistrate Judge Methvin determined that there could be no Fourteenth Amendment claim. This was based on the Fourth Amendment's status as the more explicit textual source of the right at issue. *See e.g. O'Malley v. Lukowich*, 3:08-CV-0680, 2008 WL 4861477, at *6 (M.D. Pa. Nov. 7, 2008) (Caputo, J.) (finding that "[t]he Fourth Amendment . . . provides an explicit textual source of constitutional protection to Plaintiff, so any reliance on the substantive component of the Due Process Clause is misplaced."); *Malay v. City of Syracuse*, 638 F. Supp. 2d 303, 313 (N.D.N.Y. 2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998))

---

[1] Curiously, the Plaintiffs represent that I "already held that Plaintiffs' Amended complaint states a claim for substantive due process in connection with Plaintiffs' real property." (Doc. 63 at 7.) This is not the case.

("Accordingly, where a claim is 'covered by' the Fourth Amendment, substantive due process analysis is inappropriate."). This rule, however, only "commands that claims governed by explicit constitutional text may not be grounded in *substantive* due process." *Torres v. McLaughlin*, 163 F.3d 169, 172 (3d Cir. 1998) (emphasis added). Thus, while a claim of Fourteenth Amendment substantive due process is precluded by a Fourth Amendment claim, a claim for procedural due process under the Fourteenth Amendment will not be. *See Presley v. City Of Charlottesville*, 464 F.3d 480, 491 (4th Cir. 2006) (finding that the broad notion of substantive due process was foreclosed by the more explicit protections of the Fourth Amendment's seizure clause *and* the Fourteenth Amendment's procedural due process clause); *Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1125 (D. Kan. 2000) *aff'd*, 242 F.3d 387 (10th Cir. 2000) (same); *Red Carpet Inn, LLC v. Kratz*, 3:CV-08-1347, 2010 WL 3293336, at *3 (M.D. Pa. Aug. 19, 2010) (same).

In order to state a claim for procedural due process, a plaintiff must allege "(1) that the state deprived him of a protected interest in life, liberty, or property and (2) the deprivation occurred without due process of law." *Burns v. PA Dep't of Corr.*, 544 F.3d 279, 285 (3d Cir.2008). Generally, when the government deprives an individual of their property, some pre-deprivation process is required. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 213 (3d Cir. 2001). However, this does not apply to "random and unauthorized" deprivations which, due to their unpredictable nature, "ma[kes] predeprivation process impossible.'" *Brown*, 269 F.3d at 213 (quoting *Zinermon v. Burch*, 494 U.S. 113, 129 (1990)). In such cases, "post-deprivation process is all that is due." *Id.* (citation omitted). Specifically, in such cases, "the availability of an adequate post-deprivation tort remedy satisfies the requirements

5

of the Due Process Clause." *Burns v. Alexander*, 776 F. Supp. 2d 57, 90 (W.D. Pa. 2011); *see also Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 139 (3d Cir. 2010) (quoting *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir.2009)) (noting "'that a civil cause of action for wrongful conversion of personal property under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.'"); *Dickens v. Danberg*, CIV. 10-786-LPS, 2012 WL 2089516, at *12 (D. Del. June 8, 2012) (finding common law claim for conversion adequate for random and unauthorized deprivation of property).

The concrete allegations of Count II of the Amended Complaint allege that Defendant Glodzik–a city employee–"unreasonably seized and destroyed Hammond's personal property." (Am. Compl. at ¶ 22.) Some time later, Defendant Glodzik erected a fence encroaching on Plaintiffs' property. (*Id.* at ¶¶ 23-24.) The Amended Complaint further includes conclusory allegations that these actions were at the direction of the other Defendants: the City of Wilkes-Barre, the Mayor; and the Assistant City Attorney. (*Id.* at ¶¶ 22-24.) While these allegations do not suggest official city action, but rather rogue, unsanctioned conduct, without further factual development it is unclear what sort of due process–if any–may have been required in this particular situation without further factual development. As such, Plaintiff's claim for procedural due process will survive this motion to dismiss.

### 2. Fourth Amendment Seizure Claims

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. Const. amend. IV. "A Fourth Amendment

'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Brown*, 269 F.3d at 209 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).  In respect to the Plaintiffs' claim as to their real property, the Amended Complaint simply avers that "the City and its agent . . . built a fence[] that encroaches on Plaintiff's property."  (Am. Compl. at ¶ 1, Doc. 38.)  While rather conclusory, this claim is sufficient to survive a motion to dismiss since the government building a structure on one's property is itself a significant interference as to that particular piece of real property.

As to the personal property involved, Magistrate Judge Methvin determined that "plaintiffs have alleged that the seizure of their personal property was unreasonable inasmuch as they have averred a possessory interest in the items, such as trees and flowers, even if they are unable to articulate a privacy interest in the location of these items."  (*Id.* at 13.)  Such a privacy interest need not necessarily be implicated for the Fourth Amendment's protections to apply.  *Soldal v. Cook County, Ill.*, 506 U.S. 56, 65 (1992) (rejecting the notion that the "Fourth Amendment protects against unreasonable seizures of property only where privacy or liberty is also implicated.").  Therefore, Plaintiffs' personal property claim will also survive this motion to dismiss.

### 3. Fifth Amendment Claims

In her Report and Recommendation, the Magistrate Judge recommended that Plaintiffs' due process claim under the Fifth Amendment be dismissed as it only applies to federal actors.  *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) ("the due process clause under the Fifth Amendment only protects against federal governmental

7

action and does not limit the actions of state officials."). Neither party objects to this recommendation and it will be adopted.

### C. Count III: State Law Claims

Magistrate Judge Methvin, in determining that all of the aforementioned claims should be dismissed, recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. However, since some federal claims will be allowed to proceed, the state law claims will continue to enjoy supplemental jurisdiction.

### D. Individual Defendants in Official Capacity

Magistrate Judge Methvin determined that the individual defendants in their official capacities should be dismissed "as redundant of the claims plaintiffs have brought against the city." (Report and Recommendation at 16, Doc. 61.) This is because "when a plaintiff names the municipality as a defendant, it is redundant, and possibly confusing to the jury, to also include the employee in his or her official capacity, because the two are really one defendant." *Crane v. Cumberland County, Pa.*, CIV.A. 1:CV-99-1798, 2000 WL 34567277, at *3 (M.D. Pa. June 16, 2000) *aff'd*, 64 F. App'x 838 (3d Cir. 2003). The Plaintiffs do not object to the core of this recommendation, but instead argue that "there is no ruling that state that Plaintiff cannot identify the Defendants as they have in their Complaint for clarification." (Pls.' Br. at 11, Doc. 63.) While these names do not need to be excised from the complaint, I will adopt Magistrate Judge Methvin's recommendation insofar as the § 1983 official capacity claims against the individual defendants, Leighton, Vinsko, and Glodzik are dismissed with prejudice.

**CONCLUSION**

Magistrate Judge Mildred E. Methvin's Report and Recommendation will be adopted in part and rejected in part. Specifically, Count I for violation of due process through a violation of Pennsylvania's Right-to-Know law will be dismissed. Plaintiffs' Fourteenth Amendment claims for substantive due process and Fifth Amendment due process will also be dismissed, but their claims for procedural due process under the Fourteenth Amendment will be allowed to proceed. Plaintiffs' Fourth Amendment claims will also survive the motions to dismiss. Finally, while the official capacity claims against the individual defendants will be dismissed, the Court will retain supplemental jurisdiction of the state law claims. An appropriate order follows.

| | |
|---|---|
| August 14, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |